FILED
CLERK, U.S. DISTRICT COURT
10/12/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>           Plaintiff, <br><br>      v. <br><br> CURTIS JEFFERY MOSLEY, JR., and RICHARD JOAQUIN PELAYO, <br><br>           Defendants. | ED CR No. 5:22-cr-00238-SSS <br><br> I N D I C T M E N T <br><br> [18 U.S.C. § 1951(a): Interference with Commerce by Robbery; 18 U.S.C. § 371: Conspiracy; 18 U.S.C. §§ 2113(a), (d): Armed Credit Union Robbery; 18 U.S.C. §§ 924(c)(1)(A)(ii): Possess, Use, Carry, and Brandish a Firearm in Furtherance of, and During and in Relation to, Crimes of Violence; 18 U.S.C. § 922(g): Felon in Possession of Firearm and Ammunition; 18 U.S.C. §§ 981(a)(1)(C), 924, 924(d)(1) 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

[DEFENDANT MOSLEY]

On or about March 5, 2022, in Los Angeles County, within the Central District of California, defendant CURTIS JEFFERY MOSLEY, JR.

obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, by knowingly and willingly committing robbery, in that defendant MOSLEY unlawfully took and obtained property consisting of approximately $731 in cash, belonging to Stater Brothers, located at 1045 North Garey Avenue, Pomona, California, a grocery store chain, the inventory of which travels in interstate commerce, from the person and in the presence of employees of Stater Brothers, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(ii)]

[DEFENDANT MOSLEY]

On or about March 5, 2022, in Los Angeles County, within the Central District of California, defendant CURTIS JEFFERY MOSLEY, JR., knowingly used and carried a firearm, namely, a Smith & Wesson, model SD9 VE, 9mm caliber semi-automatic pistol, bearing serial number FCM5946, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, interference with commerce by threats or violence, in violation of Title 18, United States Code, Sections 1951(a), as charged in Count One of this Indictment, and, in so doing, brandished that firearm.

COUNT THREE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A. OBJECTS OF THE CONSPIRACY

Beginning on or about an unknown date, and continuing at least on about September 29, 2022, in San Bernardino County, within the Central District of California, defendants CURTIS JEFFERY MOSLEY, JR. and RICHARD JOAQUIN PELAYO knowingly conspired and agreed with each other to commit armed credit union robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d), and to use, carry, and brandish a firearm in furtherance of, a crime of violence, namely, armed credit union robbery in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Before the robbery, defendants MOSLEY and PELAYO would acquire stolen vehicles to use as getaway vehicles.

2. Defendants MOSLEY and PELAYO would park a second getaway vehicle at some distance from the robbery location.

3. Defendants MOSLEY and PELAYO would travel in the first getaway vehicle to the robbery location.

4. Defendant MOSLEY would enter the credit union and commit the robbery, while defendant PELAYO would remain outside in the first getaway vehicle.

5. Defendant MOSLEY would commit the credit union robbery by brandishing a firearm to threaten and intimidate the credit union employees.

6. Defendant PELAYO would wait outside the credit union in the first getaway vehicle and act as a lookout and getaway driver.

C. OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, on or about the following dates, defendants MOSLEY and PELAYO committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1: On or about April 7, 2022, defendant PELAYO parked a getaway vehicle, a stolen, Ford F-250 truck, near the robbery location.

Overt Act No. 2: On or about April 7, 2022, defendants MOSLEY and PELAYO traveled to a SchoolsFirst Credit Union, a credit union the deposits of which were then insured by the National Credit Union Administration Board, located in a Stater Brothers store at 161 East 40th Street, San Bernardino, California ("SchoolsFirst Credit Union"), in a stolen, Ford E-350 van for the purpose of committing an armed robbery of the SchoolsFirst Credit Union.

Overt Act No. 3: On or about April 7, 2022, defendant MOSLEY entered the SchoolsFirst Credit Union, while defendant PELAYO waited outside in the stolen E-350 van.

Overt Act No. 4: On or about April 7, 2022, defendant MOSLEY brandished a firearm, namely, a loaded, Smith & Wesson, model SD9 VE, 9mm caliber semi-automatic pistol, bearing serial number FCM5946, and

used it to control and intimidate customers and employees at the SchoolsFirst Credit Union.

Overt Act No. 5:   On or about April 7, 2022, defendant PELAYO brandished a firearm, and used it to control and intimidate a witness as defendant PELAYO acted as lookout and getaway driver in the stolen, Ford E-350 van.

Overt Act No. 6:   On or about April 7, 2022, defendant MOSLEY used a firearm to control a SchoolsFirst Credit Union teller, demanded money from a teller, and a teller then removed $49,676 from the safe and gave it to defendant MOSLEY.

Overt Act No. 7:   On or about September 29, 2022, while federal law enforcement agents were executing a federal search warrant at defendant MOSLEY's residence, defendant MOSLEY threw a Samsung Galaxy Note 20 model Cellular Telephone with model number SM-N981U1, in a toilet.

COUNT FOUR

[18 U.S.C. §§ 2113(a), (d), 2(a)]

[ALL DEFENDANTS]

On or about April 7, 2022, in San Bernardino County, within the Central District of California, defendants CURTIS JEFFERY MOSLEY, JR. and RICHARD JOAQUIN PELAYO, each aiding and abetting the other, by force and violence, and by intimidation, knowingly took from the person and presence of another approximately $49,676 belonging to, and in the care, custody, control, management, and possession of SchoolsFirst Credit Union, located at 161 East 40th Street, San Bernardino, California, a credit union the deposits of which were then insured by the National Credit Union Administration Board.

In committing said offense, defendants MOSLEY and PELAYO knowingly assaulted and put in jeopardy the life of an employee of SchoolsFirst Credit Union, and others, by using a firearm, a dangerous weapon and device.

COUNT FIVE

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[ALL DEFENDANTS]

On or about April 7, 2022, in San Bernardino County, within the Central District of California, defendants CURTIS JEFFERY MOSLEY, JR. and RICHARD JOAQUIN PELAYO, each aiding and abetting the other, knowingly used and carried a firearm, namely, a loaded, Smith & Wesson, model SD9 VE, 9mm caliber semi-automatic pistol, bearing serial number FCM5946, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, armed credit union robbery, in violation of Title 18, United States Code, Sections 2113(a), (d), as charged in Count Four of this Indictment, and, in so doing, brandished that firearm.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

[DEFENDANT MOSLEY]

On or about April 7, 2022, in San Bernardino County, within the Central District of California, defendant CURTIS JEFFERY MOSLEY, JR. knowingly possessed a firearm, namely, a Smith & Wesson, model SD9 VE, 9mm caliber semi-automatic pistol, bearing serial number FCM5946, and approximately 15 rounds of CBC Global 9mm caliber ammunition, in and affecting interstate and foreign commerce.

Defendant MOSLEY possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of San Bernardino, case number FSB036655, on or about April 16, 2003;

2. Evading an Officer, in violation of California Vehicle Code Section 2800.2(a), in the Superior Court for the State of California, County of San Bernardino, case number FBA008425, on or about April 26, 2005;

3. Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Riverside, case number INF059631, on or about July 21, 2011;

4. Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Riverside, case number INF059631, on or about July 21, 2011;

5.   Receiving Stolen Property, in violation of California Penal Code Section 496d(a), in the Superior Court for the State of California, County of Riverside, case number RIF1301888, on or about July 6, 2014;

6.   Receiving Stolen Property, in violation of California Penal Code Section 496d(a), in the Superior Court for the State of California, County of Riverside, case number RIF1301888, on or about July 6, 2014;

7.   Receiving Stolen Property, in violation of California Penal Code Section 496d(a), in the Superior Court for the State of California, County of Riverside, case number RIF1301888, on or about July 6, 2014; and

8.   Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Riverside, case number RIF1301888, on or about July 6, 2014.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C) and 924, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in either of Counts One or Four of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense;

   (b) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any convicted defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Three of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Two, Five or Six of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//
//
//

14

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

PETER DAHLQUIST
MITCHELL M. SULIMAN
Assistant United States Attorneys
Riverside Branch Office